UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BLANEY,<br><br>             *Plaintiff*,<br><br>     v.<br><br>SCREENER MIKE T5654 OF 262-HELP, et al.,<br><br>             *Defendants*. | No. 24-cv-05122 (MEF)(CF)<br><br>**OPINION and ORDER** |

\* \* \*

For purposes of this brief Opinion and Order, the Court assumes some familiarity with this case.

\* \* \*

The relevant allegations are as follows:

In 2023, a Pennsylvania woman[1] went to a local police station in New Jersey to make a complaint. See Complaint (ECF 1) at 3, 5.

After speaking with her, officers called an ambulance and had her transported to a nearby hospital.[2]  See id. at 7.

---

[1]  Mary Blaney.

[2]  The complaint suggests that the Pennsylvania woman was treated by those around her as if she was having an acute health episode.  See Complaint at 7; see also Exhibit B, Defendant's Motion for Summary Judgment (ECF 31-2).  Whether she was, or whether the officers and others genuinely believed she was --- none of that is relevant to resolution of the motion before the Court.

She was at the hospital for one week. See id. While there, she was given at least one medication that allegedly caused harmful side effects. See id. at 7-8.

* * *

In light of the above, the Pennsylvania woman (from here, "the Plaintiff") filed a lawsuit in federal court against various parties (collectively, "the Defendants"). See id. at 1-3.

The Plaintiff is proceeding pro se, without a lawyer.

In 2024, three of the Defendants moved to dismiss the claims against them.[3] See Brief by [sic] in Support of Motion to Dismiss Plaintiff's Complaint on Behalf of Defendant, Bergen County Department of Health Services (ECF 11-1); Bergen New Bridge Medical Center's Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint (ECF 13-4); Bergenfield Volunteer Ambulance Corps, Inc.'s Memorandum of Law in Support of its Motion to dismiss Plaintiff's Complaint (ECF 15-1).

The Court dismissed the claims against two of the Defendants,[4] but allowed a New Jersey-law medical-malpractice claim to go forward against the third Defendant.[5] See Blaney v. Screener Mike T5654 of 262-HELP, 2025 WL 215733, at *5 (D.N.J. Jan. 15, 2025).

That Defendant (from here, "the Defendant") then filed an Answer. See Answer to Complaint (ECF 24).

In its Answer, the Defendant demanded that the Plaintiff file an "Affidavit of Merit within sixty (60) days in accordance with N.J.S.A. 2A:53A-26," id. at 4, New Jersey's so-called "affidavit of merit statute."

Per the docket, the Defendant then sent a letter to the Plaintiff by both email and regular mail, indicating that it would move to dismiss her medical-malpractice claim if an affidavit of merit was not timely filed. See Letter (ECF 29) at 1.

---

[3] Bergen County Department of Health Services; Bergen New Bridge Medical Center; and Bergenfield Volunteer Ambulance Corps, Inc.

[4] Bergen County Department of Health Services and Bergenfield Volunteer Ambulance Corps, Inc.

[5] Bergen New Bridge Medical Center.

After more than 60 days ran off the clock, the Defendant filed a motion for summary judgment --- arguing that the Plaintiff's failure to provide an affidavit entitles the Defendant to dismissal of her medical-malpractice claim.  See Defendant's Statement of Undisputed Material Facts (ECF 31-1) ¶¶ 6-7; Bergen New Bridge Medical Center's Memorandum of Law in Support of its Motion for Summary Judgment (ECF 31-3) at 4, 5-8.

The Defendant's motion is now before the Court.

\*   \*   \*

Under the relevant New Jersey statute, a medical malpractice plaintiff bringing a claim against a "licensed person in his profession or occupation" must file an "affidavit of merit" within 60 days of the answer being filed.[6]  N.J.S.A. 2A:53A-27.

In the affidavit, a medical professional must swear that there "exists a reasonable probability" that the care or treatment the plaintiff received falls outside the bounds of "acceptable professional or occupational standards."  Id.; see Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000).

"Failure to provide [an] affidavit . . . within 60 days, or 120 days if the court grants an extension for good cause, results in dismissal for 'failure to state a cause of action.'" Chamberlain, 210 F.3d at 158 (quoting N.J.S.A. 2A:53A-29).[7]

---

[6]  Federal district courts sitting in diversity, as this one is, must apply New Jersey's affidavit of merit statute to New Jersey-law medical-malpractice claims.  See Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000); accord Nuveen Mun. Tr. ex rel. Nuveen High Yield Mun. Bond Fund v. Withum-Smith Brown, 692 F.3d 283, 301-04 (3d Cir. 2012).  (Note: the question of whether Delaware's affidavit of merit statute should be applied in federal diversity cases is now pending before the United States Supreme Court.  See Berk v. Choy, No. 24-440 (U.S. argued Oct. 6, 2025).  The Delaware statute is similar to New Jersey's, but it is not a carbon copy.  Compare Del. Code. Ann. tit. 18, § 6853, with N.J.S.A. 2A:53A-25 et seq.)

[7]  Even though the statutory text states that "fail[ure] to provide an affidavit . . . shall be deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29, summary judgment is generally the right moment for resolving arguments as to asserted failures to comply with the affidavit of merit statute.  See Nuveen, 692 F.3d at 303 n.13.

3

\* \* \*

Here, the affidavit of merit statute clearly covers the Defendant. [8]

And on the other side of the ledger, months have elapsed, but the docket does not reflect that the Plaintiff has either filed an affidavit of merit or made an extension request.

---

[8] The Act covers a "licensed person," N.J.S.A. 2A:53A-27, and a "'licensed person' means any person who is licensed as . . . a health care facility as defined in [N.J.S.A. 26:2H-2]." N.J.S.A. 2A:53A-26(j). In turn, "health care facility" is a "facility or institution, whether public or private, that is engaged principally in providing services for . . . diagnosis, or treatment of human disease, pain, injury, deformity, or physical condition." N.J.S.A. 26:2H-2(a). This includes, but is not limited to, "general hospital[s], special hospital[s], mental hospital[s], . . . diagnostic center[s], treatment center[s], [and] rehabilitation center[s]." Id. There can be no doubt that Bergen New Bridge Medical Center, the Defendant here, is a "[h]ealth care facility." N.J.S.A. 2A:53A-26(j). First, the Plaintiff all but indicated as much in her complaint. See Complaint at 7–8 (explaining that she received papers from the Bergen New Bridge Medical Center related to her "hospital" bills, and that she got "physically sick" and "had to detox from" the medications she was "forced to take at Bergen New Bridge Medical Center"). And second, the Defendant, Bergen New Bridge Medical Center, essentially confirmed that it is a "[h]ealth care facility," N.J.S.A. 2A:53A-26(j), in its statement of material facts. See Defendant's Statement of Undisputed Material Facts at 2 ("Bergen Newbridge is [a] hospital and provides services for, inter alia, diagnosis and treatment of disease, pain, and injury."). The Plaintiff has not responded to the Defendant's material-facts statement, and the deadline for doing so passed a number of months ago. So the Court treats the Defendant's material-facts statement as admitted. See Longoria v. New Jersey, 168 F. Supp. 2d 308, 312 n.1 (D.N.J. 2001); Hill v. Algor, 85 F. Supp. 2d 391, 408 n. 26 (D.N.J. 2000); S.E.C. v. Chester Holdings Ltd., 41 F. Supp. 2d 505, 516 n. 7 (D.N.J. 1999).

4

Accordingly, the Plaintiff has not complied with New Jersey law and the Defendant is entitled to summary judgment. See N.J.S.A. 2A:53A-29.[9]

The motion at ECF 31 is granted, and the medical-malpractice claim asserted against the Defendant is dismissed.

IT IS on this 16th day of October, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[9] There are a few exceptions carved into New Jersey affidavit-of-merit law. But none fit this case. First, instead of an affidavit, a plaintiff can provide a sworn statement that the defendant did not provide the underlying medical records needed to prepare that affidavit. See N.J.S.A. 2A:53A-28. But there is no sworn statement here. Second, a plaintiff's non-compliance with the statute can be excused if "the plaintiff substantially complied" with the statute's requirements. See Meehan v. Antonellis, 226 N.J. 216, 229 (2016); see also Moschella v. Hackensack Meridian Jersey Shore Univ. Med. Ctr., 258 N.J. 110, 122 (2024). But there is nothing like that here. Third, although the statute's requirements can be looked past when "the plaintiff can demonstrate extraordinary circumstances that prevented compliance," id., a plaintiff's pro se status is not, standing alone, an "extraordinary circumstance." Meehan, 226 N.J. at 229; see also Fontanez v. United States, 24 F. Supp. 3d 408, 413-14 (D.N.J. 2014) (holding that "pro se status does not, without more, establish extraordinary circumstances"); Lee v. Thompson, 163 F. App'x 142, 144 (3d Cir. 2006) (rejecting the argument that pro se plaintiffs are not required to obtain affidavits of merit); Horne v. United States, 223 F. App'x 154, 156 (3d Cir. 2007) (similar); Uretskuy v. United States, 2022 WL 4466635, at *7 (D.N.J. Sept. 26, 2022) (similar); Coward v. Lanigan, 2014 WL 6886017, at *3 (D.N.J. Dec. 4, 2014) (similar); Kant v. Seton Hall Univ., 2009 WL 2905610, at *2 (D.N.J. Sept. 9, 2009) (similar). Here, the Plaintiff is pro se. But there is no extenuating circumstance beyond that that has been put before the Court.

5